DECISION
{¶ 1} Appellant, Clermont Northeastern School District Board of Education, appeals a decision and judgment entry of the Franklin County Court of Common Pleas which reversed an order of the State Board of Education ("the Board") denying transfer of approximately 110 acres of territory in rural Clermont County from appellant to the West Clermont Local School District ("West").
{¶ 2} On August 15, 1999, appellees, who are four families residing on Baldwin Road and Baldwin Woods Trail Road, initiated a petition pursuant to R.C. 3311.24 to transfer the territory. The primary basis for appellees' petition was that the close proximity and ease of accessibility of the West schools made the transfer of property to that district reasonable, and that the school transfer of the one child who would be affected would not create a significant impact upon either school district. The matter was assigned to a hearing officer, who reviewed the evidence and issued a report recommending that the Board approve the transfer request.
{¶ 3} In rendering her decision, the hearing officer found that the territory is located on a remote ridge known as Baldwin Road Hill. The only road directly connecting the area to appellant schools is Baldwin Road, which is steep and narrow, with a 150-foot drop-off on one side and an incline on the other. The hearing officer found that the road is not wide enough to accommodate the widths of two vehicles, so that motorists must pull over when oncoming traffic approaches. There is a lack of visibility, and in winter the road ices over and is considered unsafe. There are frequent accidents. Despite these conditions, the road is heavily traveled by 150 cars a day. The evidence further indicated that it is not safe for a school bus to travel Baldwin Road Hill, and that it would not be safe for a child to walk down the hill in order to be picked up by a bus. At the time of the hearing, no bus stop for the child had been determined, but the appellant's superintendent testified that the bus would probably pick up the child at the top of the hill. However, the evidence indicated it also was possible that the bus stop would be located at a bus turn-around, which is two miles away. There was also testimony that appellees are closer to and frequent businesses in the West area, and that the local newspaper serving appellees covers events in the West schools, but not the appellant schools. Significantly, a West elementary school is only two miles from appellees, while the nearest appellant elementary school is located approximately nine miles away. An appellant secondary school would be ten miles away, while a West secondary school is only two miles away. These distances would produce a 50 minute bus ride to the appellant elementary school, but only a 20 minute bus ride to a West elementary school.
{¶ 4} The hearing officer also found that appellant opposes any transfers of territory on the grounds that one transfer would lead to another, with a resulting significant loss in revenue. Appellant indicated that the proposed transfer would result in a loss to appellant of approximately $5,300 per year.
{¶ 5} The hearing officer analyzed the issue of whether the transfer would be for the "present and ultimate good of the pupils concerned," pursuant to Ohio Adm. Code 3301-89-01(F), and addressed whether the answers to the 17 questions contained in Ohio Adm. Code3301-89-02(B) and the ten additional factors outlined in Ohio Adm. Code3301-89-03(B) would mitigate for or against a transfer, before concluding that the safety concerns relative to Baldwin Road Hill, the closer proximity of West schools, the shorter bus ride, appellees' connections to the West community, and West's ability to service the area all indicated that the transfer ought to occur. Addressing concerns about appellant's loss of revenue, the hearing officer found that the $5,300 loss was de minimis, and would be offset by appellant's savings in not having to accommodate an additional child.
{¶ 6} In its February 13, 2001 resolution denying the transfer of territory, the Board focused upon factors involving the ability of both districts to accommodate an extra child, and found that while appellant had experienced a decline in enrollments, West had experienced growth, and that West would experience difficulty in adding an extra child. The Board concluded:
{¶ 7} "RESOLVED, That the request for the transfer of territory from the Clermont [Appellant] Local School District, Clermont County, to the West Clermont Local School District, Clermont County, is hereby DENIED because, if the transfer were approved, the facilities of the West Clermont Local School District would be burdened and, consequently, the educational facilities of both districts would not be effectively utilized * * *."
{¶ 8} Significantly, the Board's resolution did not comment on any of the factors concerning the safety of the child or the proximity of the West school to appellees' homes.
{¶ 9} Appellees filed an appeal in the trial court pursuant to R.C. 119.12. On February 4, 2002, the trial court issued its decision in which it found that the "only factors at issue were whether or not West Clermont would be overburdened by the admission of one additional student since it is at or slightly above capacity and whether the loss of revenue to [appellant] would significantly impact the school. All other factors mitigate squarely in favor of the transfer." The court concluded that the evidence regarding harm to appellant by allowing the transfer was not persuasive, and agreed with the hearing officer that the financial impact on appellant would be de minimis. The court was particularly concerned about what it deemed "result reaching" by the Board, and pointed to the transcript of the Board hearing in which, as the court put it "[t]he Board concluded it did not want to approve the transfer and then asked its counsel to prepare a resolution which would get to that result." The trial court found instead that the facts indicated only one student would be affected by the transfer, and that future building in the territory was unlikely because of the terrain, so that a significant quantity of additional students was not expected. Concluding that the decision of the Board was not supported by the record, the court found that the minor impact on the schools was outweighed by the benefit to the one child affected by the transfer, and that the hearing officer's report and recommendation should have been adopted. The court thus reversed the order of the Board.
{¶ 10} Appellant now sets forth the following arguments:
{¶ 11} "[1.] THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING THE DECISION OF THE STATE BOARD OF EDUCATION AS THE BOARD'S DECISION WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND THE TRIAL COURT DID NOT LIMIT ITS REVIEW TO THE STATED REASONS.
{¶ 12} "[2.] THE STATE BOARD WAS WITHIN ITS AUTHORITY IN REJECTING THE HEARING OFFICER'S RECOMMENDATION.
{¶ 13} "[3.] THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN OVERRULING THE DECISION OF THE STATE BOARD."
{¶ 14} The gravamen of appellant's appeal is that the trial court abused its discretion in overruling the Board's resolution because the Board's decision was supported by reliable, probative and substantial evidence which was supported by law, that the trial court abused its discretion in substituting its judgment for that of the Board because the Board was within its authority to reject the recommendation of its hearing officer, and that the trial court erred in failing to consider the entire record in concluding that the transfer should go forth.
{¶ 15} The role of this court is to determine whether the trial court abused its discretion in finding that the administrative order was not supported by reliable, probative and substantial evidence and in accordance with law. Levey v. Toledo City School Dist. (Feb. 28, 1995), Franklin App. No. 94APE08-1125. "An abuse of discretion `implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.' " State ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986), 22 Ohio St.3d 191, 193. Absent an abuse of discretion on the part of the trial court, this court must affirm the trial court's judgment. Lorain City Bd. of Edn. V. State Emp. Relations Bd. (1988), 40 Ohio St.3d 257, 261.
{¶ 16} It is the duty of the Board to weigh the competing factors to determine whether a transfer is in the best interest of the students involved. Fairborn City School Dist. v. State Bd. of Edn. (Oct. 24, 1996), Franklin App. No. 96APE04-416, citing Garfield Hts. City School Dist. v. State Bd. of Edn. (1990), 62 Ohio App.3d 308, 323. While the Board is not required to accept a referee's recommendation to grant or deny a requested transfer, when the Board rejects a recommendation, there is a presumption that only the specific grounds listed by the Board provided the basis for the decision, with other possible grounds being rejected. Schreiner v. State Bd. of Edn. (Nov. 9, 1999), Franklin App. No. 98AP-1251. However, where nothing in the Board's resolution addresses or contradicts the referee's conclusion that the students would be better served by the transfer, the Board's decision is not supported by reliable, probative and substantial evidence. Id.
{¶ 17} There would be no point in having various tiers of review in administrative cases if the only duty of each reviewing body were to approve without question the decision which came before. Nor would there be any point in allowing each reviewing body to make a decision completely independent of any preceding findings and conclusions. Instead, the system envisions a series of checks and balances in which each reviewing body considers what has gone before with an eye for the reasonability of the prior decision based upon all the facts presented and in light of the statutory requirements and factors. This court is charged with reviewing whether the trial court abused its discretion, which requires us to consider whether the trial court decision was based on reliable, probative and substantial evidence and was in accordance with law. The trial court in turn had to consider whether the Board decision was based on reliable, probative and substantial evidence and was in accordance with law. The Board, while empowered to reject the conclusions of its hearing officer, was charged with doing so only on grounds which are legally sufficient to overcome uncontradicted evidence in support of the hearing officer's recommendation. Schreiner, supra.
{¶ 18} In the case at bar, appellant argues that there was substantial, reliable and probative evidence that the transfer should not go forward because the West school is slightly over capacity while the appellant school is not. Appellant also asserts that the trial court improperly considered comments by Board members which suggested that some members were biased in disfavoring transfers under any circumstances, and that the trial court improperly made its decision on the basis of benefit to one child rather than on the basis of how the transfer would affect all students in both school districts.
{¶ 19} None of these arguments, even if well-taken, is sufficient to constitute evidence of "perversity of will, passion, prejudice, partiality, or moral delinquency" on the part of the trial court. There was overwhelming evidence before the hearing officer that issues of safety, convenience and proximity pointed to transfer as the appropriate decision. The evidence indicated that the burden to either school district and the economic impact of the proposed transfer both would be minimally affected, yet these factors ostensibly comprised the entire basis for the Board's decision. Clearly, the hearing officer's report and recommendation was supported by substantial, reliable and probative evidence; while the Board's resolution was not. The Board briefly focused upon the question of economic impact, concluding that the transfer would burden West and would result in the lack of effective utilization of both districts' educational facilities. This conclusion was reached despite evidence that the property transfer would only affect a single child in the target territory and was likely not to affect significant numbers of future students in that area because the territory was not likely to be developed due to its topography. The Board's decision completely ignores the extensive and more persuasive evidence regarding the safety of the child, the ease of transporting her, and the reasonability of allowing her to attend a school which was in much closer proximity to her home. Under such circumstances, it would have been error for the trial court to affirm the Board's order. See Crowe v. State Bd. of Edn. (Oct. 26, 1999), Franklin App. No. 99AP-78.
{¶ 20} Appellant additionally maintains that all 110 acres should not have been the subject of the petition, because four of the eight parcels of land which would be transferred are uninhabited, and the size of the territory bears a disproportionate relationship to the one student who would be directly affected by the transfer. Neither the Board nor the hearing officer addressed this argument, and the trial court concluded that, based upon Schreiner, it was limited to consideration of issues which were raised during the hearing officer's examination. Nevertheless, the trial court stated that "the fact remains that the evidence was that there would be no more building on the tract because of the topography," with the future financial impact upon appellant being nil. Appellee points out the logic in including all similarly situated property in the same petition as a way to avoid duplicative litigation, and we agree that under these facts the inclusion of additional property in the transfer request was reasonable, and the trial court did not abuse its discretion in rejecting appellant's argument.
{¶ 21} Having concluded that the trial court did not abuse its discretion in reversing the order of the Board, we overrule appellant's three assignments of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
TYACK, P.J., and PETREE, J., concur.